IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GUILLERMO ALEXANDER ULLOA,      )
*et al.*,                                           )
                                                        )
                      Plaintiffs,               )
                                                        )
            v.                                       )        Civil Action No. 1:15cv0128 (AJT/JFA)
                                                        )
MOSES HOUSEIN, *et al.*,               )
                                                        )
                      Defendants.            )
_____)

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment (Docket no. 12)

against defendants Moses Housein ("Housein") and Moses Construction Company, LLC

("Moses Construction") (collectively the "defendants").  Pursuant to 28 U.S.C. § 636(b)(1)(C),

the undersigned magistrate judge is filing with the court his proposed findings of fact and

recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On February 5, 2015, plaintiffs Guillermo Alexander Ulloa ("Ulloa"), Carlos Palacios

("Palacios"), Ruben Alexis Rivera ("Rivera"), Enrique Alvarenga ("Alvarenga"), and Hill

Antonio Castillo ("Castillo") (collectively the "plaintiffs") filed this complaint alleging that

during their employment by defendants, defendants adhered to payroll practices that failed to

compensate plaintiffs as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et

seq.* (Docket no. 1) ("Compl.").  Specifically, plaintiffs allege that defendants failed to apply an

adjusted rate to plaintiffs' overtime hours (Compl. ¶ 32) and failed to compensate plaintiffs for

work performed during their last three weeks of employment (Compl. ¶ 33).  The complaint

seeks recovery of unpaid wages and overtime wages, liquidated damages in an amount equal to twice the amount of unpaid wages and overtime wages, pre- and post-judgment interest, and attorney's fees and costs. (Docket no. 1 at 7).

On February 6, 2015, summonses were issued for service on Housein as the registered agent for defendant Moses Construction and on Housein in his personal capacity at 3101 South Manchester St., #707, Falls Church, Virginia 22044. (Docket no. 2). On February 27, 2015, Housein was personally served with a copy of the summons and complaint. (Docket no. 3). As discussed more fully below, service of process was proper as to both defendants. In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due from Housein and Moses Construction on March 20, 2015, twenty-one days after the effective date of service. Neither defendant has filed an answer or other responsive pleading and the time for doing so has expired.

On August 12, 2015, plaintiffs requested an entry of default against Moses Construction and Housein (Docket no. 4) and again against Housein (Docket no. 6). On August 13, 2015, plaintiffs again requested an entry of default against Housein. (Docket no. 8). Also on August 13, 2015, plaintiffs filed an affidavit from Virginia Diamond in support of their request for entry of default. (Docket no. 9). The Clerk of the Court entered default against defendants on August 13, 2015. (Docket no. 10).

On December 14, 2015, the District Judge entered an order directing plaintiffs to file a motion for default judgment and an accompanying memorandum and to set a hearing on the motion for default judgment for Friday, January 15, 2016. (Docket no. 11). A copy of that Order was also sent to defendants at their last known mailing address.

On January 8, 2016, plaintiffs filed a motion for default judgment against defendants with an incorporated memorandum in support (Docket no. 12), a declaration from Ulloa (Docket no.

2

12-2 at 1–2) ("Ulloa Decl."), a declaration from Palacios (Docket no. 12-2 at 3–4) ("Palacios Decl."), a declaration from Rivera (Docket no. 12-2 at 5–6) ("Rivera Decl."), a declaration from Alvarenga (Docket no. 12-2 at 7–8) ("Alvarenga Decl."), a declaration from Castillo (Docket no. 12-2 at 9–10) ("Castillo Decl."), declarations from Virginia Diamond (Docket nos. 12-3, 12-4), an exhibit detailing the attorney's fees and costs in this matter (Docket no. 12-5), and a notice of hearing for January 15, 2016 (Docket no. 12-1). Defendants were served with copies of the motion for default judgment, declarations in support, exhibit, and notice of hearing by first-class mail on January 8, 2016. (Docket no. 12 at 11; Docket no. 12-1 at 2). On January 15, 2016 counsel for the plaintiffs appeared before the undersigned and no one appeared on behalf of defendants.

## Factual Background

The following facts are established by the complaint filed on February 5, 2015 (Compl.) and the motion for default judgment and declarations in support filed on January 8, 2016. (Docket no. 12).

Defendant Moses Construction is a Virginia limited-liability company with its principal place of business at 3101 S. Manchester St., #707, Falls Church, Virginia 22044. (Compl. ¶ 4). Defendant Housein is an adult resident of Virginia and an owner, agent, and/or principal of Moses Construction, and during all times relevant to this action, had the authority to set wage and hour practices for employees of Moses Construction. (Compl. ¶ 6). During the relevant time period, Moses Construction performed construction work on a multi-family residential property in Richmond, Virginia ("the Richmond project") and was an enterprise engaged in interstate commerce within the meaning of the FLSA. (Compl. ¶¶ 5, 9, 11).

Plaintiffs are adult residents of Virginia. (Compl. ¶ 3). Plaintiffs worked for the defendants on the Richmond project from around June 9, 2014 through about September 9, 2014 and again from around September 21, 2014 until around October 31, 2014—a total of 19[1] weeks. (Compl. ¶ 9). While employed by defendants, plaintiffs' job duties primarily included framing, tool operation, and other construction-related tasks. (Compl. ¶ 10). At all times relevant to this action, defendants were plaintiffs' employers for purposes of the FLSA. (Compl. ¶¶ 12, 28–30).

The plaintiffs all worked approximately 48 hours per week during each week they were employed by defendants. (Compl. ¶ 13). For the time period of June 9, 2014 through September 9, 2014 and September 21, 2014 through October 12, 2014, plaintiffs were paid a flat hourly wage for all hours worked, including those worked in excess of forty. (Compl. ¶¶ 13, 14). During this time period, Ulloa was paid a flat hourly wage of $25.00 an hour (Compl. ¶ 16; Ulloa Decl. ¶¶ 2, 4, 5); Palacios was paid a flat hourly wage of $20.00 an hour (Compl. ¶ 17; Palacios Decl. ¶¶ 2, 4, 5); Rivera was paid a flat hourly wage of $15.00 an hour (Compl. ¶ 18; Rivera Decl. ¶¶ 2, 4, 5); Alvarenga was paid a flat hourly wage of $10.00 an hour (Compl. ¶ 19; Alvarenga Decl. ¶¶ 2, 4, 5); and Castillo was paid a flat hourly wage of $20.00 an hour (Compl. ¶ 20; Castillo Decl. ¶¶ 2, 4, 5). From October 13, 2014 through October 31, 2014, plaintiffs were not paid by defendants for their work. (Compl. ¶ 15). Based on the hours plaintiffs worked and plaintiffs' flat rate of pay, defendants never paid the plaintiffs at the rate of one and one-half times their regular rate of pay for overtime hours worked in excess of forty. (Compl. ¶¶ 13, 32). Additionally, defendants never compensated the plaintiffs for their regular and overtime hours for the three-week time period of October 13, 2014 through October 31, 2014. (Compl. ¶ 15).

---

[1] Plaintiffs' complaint alleges that they were not paid for their last two weeks of work, from October 13, 2014 through October 31, 2014. (Compl. ¶ 15). This time period, however, includes three work weeks. At the January 15, 2016 hearing before the undersigned, plaintiffs' counsel confirmed that plaintiffs worked *three* weeks between October 13, 2014 and October 31, 2014, not two, as alleged in the complaint and plaintiffs' declarations.

Further, plaintiffs' work for defendants did not meet the definition of exempt work under the FLSA. (Compl. ¶ 29).

Because these allegations are pled as being done willfully, plaintiffs are entitled to liquidated damages in an amount equal to those unpaid wages. (Compl. ¶¶ 34, 37).

<u>**Proposed Findings and Recommendations**</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on defendants' failure to file a responsive pleading in a timely manner, the Clerk of Court has entered default against the defendants. (Docket no. 10).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure also provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

<u>**Jurisdiction and Venue**</u>

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Similarly, 28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress

regulating commerce or protecting trade and commerce against restraints and monopolies." The FLSA itself also states that any action to recover unpaid minimum or overtime wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

This court also has personal jurisdiction over the defendants. As stated in the complaint, defendant Moses Construction is a Virginia limited-liability company with its principal place of business in Falls Church, Virginia, and defendant Housein is an adult resident of Falls Church, Virginia. (Compl. ¶¶ 4, 6). Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district. (Compl. ¶ 9).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the defendants, and that venue is proper in this court.

**Service**

Federal Rule of Civil Procedure 4(e)(1) authorizes service on an individual within a judicial district of the United States, provided that service adheres to the state law governing that practice in courts of general jurisdiction where the federal district court is located. Under Virginia law, serving an individual must first be attempted by in-person delivery of the complaint and summons. *See* Va. Code Ann. § 8.01-296(1). When serving a corporation, Federal Rule of Civil Procedure 4(h)(1) authorizes service through the manner prescribed in Rule

6

4(e)(1) or by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by law to receive service of process.

On February 6, 2015, the Clerk of Court issued a summons addressed to Housein on behalf of Moses Construction and another summons addressed to Housein in his individual capacity. (Docket no. 2). Housein is Moses Construction's registered agent for service of process in Virginia. (Compl. ¶ 4). An executed affidavit of service filed with the court confirmed personal service of a copy of the summons and complaint on Housein on February 27, 2015. (Docket no. 3). Housein's status as the registered agent of Moses Construction allowed service on both defendants to be effected simultaneously. *See* Fed. R. Civ. P. 4(h)(1)(B).

Based on the foregoing, the undersigned magistrate judge recommends a finding that defendants were served properly with the summons and complaint.

<u>**Grounds for Entry of Default**</u>

In accordance with Federal Rule of Civil Procedure 12(a), defendants were required to file a responsive pleading within twenty-one days after receiving service of process. No responsive pleadings have been filed and the time for doing so has expired. On August 12, 2015, plaintiffs requested an entry of default against Moses Construction and Housein (Docket no. 4) and again against Housein (Docket no. 6). On August 13, 2015, plaintiffs again requested an entry of default against Housein. (Docket no. 8). On August 13, 2015, the Clerk of Court entered default against the defendants in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (Docket no. 10).

On December 14, 2015, the District Judge entered an Order directing plaintiffs to file a motion for default judgment, an accompanying memorandum, and a notice of hearing setting the motion before the undersigned magistrate judge on January 15, 2016. (Docket no. 11). On

January 8, 2016, plaintiffs filed a motion for default judgment and an incorporated memorandum in support (Docket no. 12), declarations from plaintiffs (Docket no. 12-2), declarations from Virginia Diamond (Docket nos. 12-3, 12-4), and an exhibit concerning attorney's fees and costs (Docket no. 12-5). Plaintiffs also filed a notice of hearing, setting the motion for default judgment before the undersigned on Friday, January 15, 2016. (Docket no. 12-1). The certificates of service accompanying these filings also indicate that plaintiffs' counsel sent copies of these pleadings to defendants by first-class mail on January 8, 2016. (Docket no. 12 at 11; Docket no. 12-1).

For these reasons, the undersigned magistrate judge recommends a finding that the Clerk of Court has properly entered a default as to each defendant.

**Liability and Measure of Damages**

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendants failed to file a responsive pleading and are in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the complaint, defendants willfully violated certain provisions of the FLSA. (Compl. ¶¶ 27–38). Defendants were required by the FLSA to compensate each employee based on the federal minimum wage for each hour worked. *See* 29 U.S.C. § 206(a). Additionally, for each hour worked in excess of forty hours per week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a). As set forth in the incorporated memorandum in support of plaintiffs' motion for default judgment, Ulloa seeks $4,200.00 in unpaid wages and overtime compensation; Palacios seeks $3,360.00 in unpaid wages and overtime compensation; Rivera seeks $2,520.00 in

8

unpaid wages and overtime compensation; Alvarenga seeks $1,680.00 in unpaid wages and

overtime compensation; Castillo seeks $3,360.00 in unpaid wages and overtime compensation;

and each plaintiff seeks an equal amount in liquidated damages. (Docket no. 12 at 5, 10).

Plaintiffs also seek attorney's fees and costs. (Docket no. 12 at 10–11). Plaintiffs' motion for

default judgment does not request any pre- or post-judgment interest.

**Count 1: Violation of the Minimum Wage and Overtime Provisions of the FLSA**

To establish a violation of the FLSA for non-payment of the minimum wage under 29

U.S.C. § 206, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the

plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff

was not compensated for all hours worked during each work week at a rate equal to or greater

than the then-applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213

applied to the plaintiff's position. *See* 29 U.S.C. § 206.

To establish a violation of the FLSA for non-payment of overtime hours, a plaintiff must

show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in

commerce or in the production of goods for commerce; (3) the plaintiff worked over forty hours

per work week; (4) the plaintiff was not compensated at a rate of 1.5 times her regular rate for

each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in

29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 207.

The facts set forth in the complaint establish that plaintiffs were employed by the

defendants from around June 9, 2014 through September 9, 2014, and again from September 21,

2014 through October 31, 2014. (Compl. ¶¶ 9, 14, 15). Plaintiffs were also employees engaged

in commerce under 29 U.S.C. §§ 206 and 207. (Compl. ¶ 31). Plaintiffs routinely worked over

forty hours per work week. (Compl. ¶ 13). As employees, plaintiffs allege that their hourly "flat

rate" wage failed to adequately compensate them for the increased rate of pay required under 29

U.S.C. § 207 for overtime hours they worked. (Compl. ¶ 14).  Plaintiffs also allege that

defendants failed to compensate them for all hours worked from October 13, 2014 through

October 31, 2014. (Compl. ¶ 15).  Finally, no evidence has been produced to show that any of

the exemptions listed in 29 U.S.C. § 213 apply to plaintiffs and they appear to be covered

employees entitled to the protections of the FLSA. *See Darveau v. Detecon, Inc.*, 515 F.3d 334,

337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job

falls within such an exception.").

**Ulloa**

Ulloa worked for the defendants from June 9, 2014 until about September 9, 2014 and

from September 21, 2014 through October 31, 2014. (Ulloa Decl. ¶ 1).  During each week of

employment with defendants, Ulloa contends he worked an average of 48 hours.[2]  (Ulloa Decl. ¶

3).  From June 9, 2014 through September 9, 2014 and September 21, 2014 through October 12,

2014, Ulloa asserts that defendants paid him for all hours worked per week, including overtime

hours worked in excess of 40 hours per week, at a flat-rate wage of $25.00 per hour.  (Ulloa

Decl. ¶¶ 2, 4, 5).  This period of employment totals 16 weeks.  Ulloa has appropriately calculated

the amount of overtime pay due for each week during this time of employment as $100 (8

overtime hours x $25.00 per hour / 2).  Accordingly, the total amount of overtime wages due to

---

[2] The plaintiffs have not provided any employment records establishing their rate of compensation or the number of hours they worked.  However, an employee's affidavit about their recollection of the hours they worked and the pay they received, if deemed credible by the court, may be a basis for the court to award damages. *See, e.g., Lopez v. Lawns 'R' Us*, CIV. DKC 07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) ("An employee's testimony as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed.").  In addition, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Id.*

Ulloa from June 9, 2014 through October 12, 2014 is **$1,600.00** (16 weeks x $100 overtime compensation due each week).[3]

From October 13, 2014 through October 31, 2014, Ulloa contends that he worked 48 hours per week. (Ulloa Decl. ¶ 6). During this period, Ulloa asserts that defendants paid him nothing. (*Id.*). Ulloa asserts that he is owed his flat-rate hourly wage of $25.00 per hour, plus overtime compensation. (*Id.*). However, federal law provides a minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). Thus, for each regular business hour worked, Ulloa is entitled to payment at the rate of $7.25 per hour. The FLSA also requires employers to provide overtime compensation at one and one-half times the employee's normal rate of pay for every hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a). However, from October 13, 2014 through October 31, 2014, Ulloa received no wages from defendants (Ulloa Decl. ¶ 6), so his regular rate of pay for those weeks would be zero. *See* 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."). As such, Ulloa is only entitled to the federal minimum wage and overtime provisions thereof for the time period of October 13, 2014 through October 31, 2014. Accordingly, Ulloa is entitled to $348.00 per week in regular wages ($7.25 x 48) and $29.00 in overtime compensation ($7.25 x 8 / 2), totaling $377.00 per week. Thus, Ulloa is due **$1,131.00** in minimum wage and overtime compensation for the three-week time period of October 13, 2014 through October 31, 2014.

---

[3] The factual allegations in the complaint and the plaintiffs' declarations regarding the hours they worked (48 per week), the weeks during which they were employed by the defendants (19 in total), as well as their hourly rates are consistent. However, many of the unpaid overtime- and regular-wage calculations in the complaint differ significantly from those in the plaintiffs' declarations. A review of the calculations contained in the plaintiffs' declarations shows these calculations, rather than those contained in the complaint, to be correct.

Accordingly, the total unpaid minimum and overtime wages due to Ulloa is **$2,731.00** ($1,600.00 + $1,131.00).

**Palacios**

Palacios worked for the defendants from June 9, 2014 until about September 9, 2014 and from September 21, 2014 through October 31, 2014. (Palacios Decl. ¶ 1). During each week of employment with defendants, Palacios contends he worked an average of 48 hours. (Palacios Decl. ¶ 3). From June 9, 2014 through September 9, 2014 and September 21, 2014 through October 12, 2014, Palacios asserts that defendants paid him for all hours worked per week, including overtime hours worked in excess of 40 hours per week, at a flat-rate wage of $20.00 per hour. (Palacios Decl. ¶¶ 2, 4, 5). This period of employment totals 16 weeks. Palacios has appropriately calculated the amount of overtime pay due for each week during this time of employment as $80.00 (8 overtime hours x $20.00 per hour / 2). Accordingly, the total amount of overtime wages due to Palacios from June 9, 2014 through October 12, 2014 is **$1,280.00** (16 weeks x $80 overtime compensation due each week).

From October 13, 2014 through October 31, 2014, Palacios contends that he worked 48 hours per week. (Palacios Decl. ¶ 6). During this period, Palacios asserts that defendants paid him nothing. (*Id.*). Palacios asserts that he is owed his flat-rate hourly wage of $20.00 per hour, plus overtime compensation. (*Id.*). However, federal law provides a minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). Thus, for each regular business hour worked, Palacios is entitled to payment at the rate of $7.25 per hour. The FLSA also requires employers to provide overtime compensation at one and one-half times the employee's normal rate of pay for every hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a). However, from October 13, 2014 through October 31, 2014, Palacios received no wages from defendants

(Palacios Decl. ¶ 6), so his regular rate of pay for those weeks would be zero. *See* 29 C.F.R. §
778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total
remuneration for employment (except statutory exclusions) in any workweek by the total number
of hours actually worked by him in that workweek for which such compensation was paid."). As
such, Palacios is only entitled to the federal minimum wage and overtime provisions thereof for
the time period of October 13, 2014 through October 31, 2014. Accordingly, Palacios is entitled
to $348.00 per week in regular wages ($7.25 x 48) and $29.00 in overtime compensation ($7.25
x 8 / 2), totaling $377.00 per week. Thus, Palacios is due **$1,131.00** in minimum wage and
overtime compensation for the three-week time period of October 13, 2014 through October 31,
2014.

Accordingly, the total unpaid minimum and overtime wages due to Palacios is **$2,411.00**
($1,280.00 + $1,131.00).

**Rivera**

Rivera worked for the defendants from June 9, 2014 until about September 9, 2014 and
from September 21, 2014 through October 31, 2014. (Rivera Decl. ¶ 1). During each week of
employment with defendants, Rivera contends he worked an average of 48 hours. (Rivera Decl.
¶ 3). From June 9, 2014 through September 9, 2014 and September 21, 2014 through October
12, 2014, Rivera asserts that defendants paid him for all hours worked per week, including
overtime hours worked in excess of 40 hours per week, at a flat-rate wage of $15.00 per hour.
(Rivera Decl. ¶¶ 2, 4, 5). This period of employment totals 16 weeks. Rivera has appropriately
calculated the amount of overtime pay due for each week during this time of employment as
$60.00 (8 overtime hours x $15.00 per hour / 2). Accordingly, the total amount of overtime

wages due to Rivera from June 9, 2014 through October 12, 2014 is **$960.00** (16 weeks x $60 overtime compensation due each week).

From October 13, 2014 through October 31, 2014, Rivera contends that he worked 48 hours per week. (Rivera Decl. ¶ 6). During this period, Rivera asserts that defendants paid him nothing. (*Id.*). Rivera asserts that he is owed his flat-rate hourly wage of $15.00 per hour, plus overtime compensation. (*Id.*). However, federal law provides a minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). For each regular business hour worked, Rivera is entitled to payment at the rate of $7.25 per hour. The FLSA also requires employers to provide overtime compensation at one and one-half times the employee's normal rate of pay for every hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a). However, from October 13, 2014 through October 31, 2014, Rivera received no wages from defendants (Rivera Decl. ¶ 6), so his regular rate of pay for those weeks would be zero. *See* 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."). As such, Rivera is only entitled to the federal minimum wage and overtime provisions thereof for the time period of October 13, 2014 through October 31, 2014. Accordingly, Rivera is entitled to $348.00 per week in regular wages ($7.25 x 48) and $29.00 in overtime compensation ($7.25 x 8 / 2), totaling $377.00 per week. Thus, Rivera is due **$1,131.00** in minimum wage and overtime compensation for the three-week time period of October 13, 2014 through October 31, 2014.

Accordingly, the total unpaid minimum and overtime wages due to Rivera is **$2,091.00** ($960.00 + $1,131.00).

**Alvarenga**

Alvarenga worked for the defendants from June 9, 2014 until about September 9, 2014 and from September 21, 2014 through October 31, 2014. (Alvarenga Decl. ¶ 1). During each week of employment with defendants, Alvarenga contends he worked an average of 48 hours. (Alvarenga Decl. ¶ 3). From June 9, 2014 through September 9, 2014 and September 21, 2014 through October 12, 2014, Alvarenga asserts that defendants paid him for all hours worked per week, including overtime hours worked in excess of 40 hours per week, at a flat-rate wage of $10.00 per hour. (Alvarenga Decl. ¶¶ 2, 4, 5). This period of employment totals 16 weeks. Alvarenga has appropriately calculated the amount of overtime pay due for each week during this time of employment as $40.00 (8 overtime hours x $10.00 per hour / 2). Accordingly, the total amount of overtime wages due to Alvarenga from June 9, 2014 through October 12, 2014 is **$640.00** (16 weeks x $40 overtime compensation due each week).

From October 13, 2014 through October 31, 2014, Alvarenga contends that he worked 48 hours per week. (Alvarenga Decl. ¶ 6). During this period, Alvarenga asserts that defendants paid him nothing. (*Id.*). Alvarenga asserts that he is owed his flat-rate hourly wage of $10.00 per hour, plus overtime compensation. (*Id.*). However, federal law provides a minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). For each regular business hour worked, Alvarenga is entitled to payment at the rate of $7.25 per hour. The FLSA also requires employers to provide overtime compensation at one and one-half times the employee's normal rate of pay for every hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a). However, from October 13, 2014 through October 31, 2014, Alvarenga received no wages from defendants (Alvarenga Decl. ¶ 6), so his regular rate of pay for those weeks would be zero. *See* 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing

15

his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."). As such, Alvarenga is only entitled to the federal minimum wage and overtime provisions thereof for the time period of October 13, 2014 through October 31, 2014. Accordingly, Alvarenga is entitled to $348.00 per week in regular wages ($7.25 x 48) and $29.00 in overtime compensation ($7.25 x 8 / 2), totaling $377.00 per week. Thus, Alvarenga is due **$1,131.00** in minimum wage and overtime compensation for the three-week time period of October 13, 2014 through October 31, 2014.

Accordingly, the total unpaid minimum and overtime wages due to Alvarenga is **$1,771.00** ($640.00 + $1,131.00).

**Castillo**

Castillo worked for the defendants from June 9, 2014 until about September 9, 2014 and from September 21, 2014 through October 31, 2014. (Castillo Decl. ¶ 1). During each week of employment with defendants, Castillo contends he worked an average of 48 hours. (Castillo Decl. ¶ 3). From June 9, 2014 through September 9, 2014 and September 21, 2014 through October 12, 2014, Castillo asserts that defendants paid him for all hours worked per week, including overtime hours worked in excess of 40 hours per week, at a flat-rate wage of $20.00 per hour. (Castillo Decl. ¶¶ 2, 4, 5). This period of employment totals 16 weeks. Castillo has appropriately calculated the amount of overtime pay due for each week during this time of employment as $80.00 (8 overtime hours x $20.00 per hour / 2). Accordingly, the total amount of overtime wages due to Castillo from June 9, 2014 through October 12, 2014 is **$1,280.00** (16 weeks x $80 overtime compensation due each week).

16

From October 13, 2014 through October 31, 2014, Castillo contends that he worked 48 hours per week. (Castillo Decl. ¶ 6). During this period, Castillo asserts that defendants paid him nothing. (*Id.*). Castillo asserts that he is owed his flat-rate hourly wage of $20.00 per hour, plus overtime compensation. (*Id.*). However, federal law provides a minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). For each regular business hour worked, Castillo is entitled to payment at the rate of $7.25 per hour. The FLSA also requires employers to provide overtime compensation at one and one-half times the employee's normal rate of pay for every hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a). However, from October 13, 2014 through October 31, 2014, Castillo received no wages from defendants (Castillo Decl. ¶ 6), so his regular rate of pay for those weeks would be zero. *See* 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."). As such, Castillo is only entitled to the federal minimum wage and overtime provisions thereof for the time period of October 13, 2014 through October 31, 2014. Accordingly, Castillo is entitled to $348.00 per week in regular wages ($7.25 x 48) and $29.00 in overtime compensation ($7.25 x 8 / 2), totaling $377.00 per week. Thus, Castillo is due **$1,131.00** in minimum wage and overtime compensation for the three-week time period of October 13, 2014 through October 31, 2014.

Accordingly, the total unpaid minimum and overtime wages due to Castillo is **$2,411.00** ($1,280.00 + $1,131.00).

**Liquidated Damages**

In FLSA cases, employees are routinely awarded liquidated damages equal to the amount of unpaid wages. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118

17

(4th Cir. 1985). However, an employer can avoid the imposition of liquidated damages upon a showing of good faith. In this case, the employers have failed to appear and present any defense to plaintiffs' claim of a willful violation of the FLSA. (Compl. ¶ 34). Accordingly, an award of liquidated damages equal to the amount of unpaid wages is appropriate.

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiffs against defendants in the amounts of **$5,462.00** for Ulloa (consisting of $2,731.00 in unpaid minimum and overtime wages + $2,731.00 in liquidated damages); **$4,822.00** for Palacios (consisting of $2,411.00 in unpaid minimum and overtime wages + $2,411.00 in liquidated damages); **$4,182.00** for Rivera (consisting of $2,091.00 in unpaid minimum and overtime wages + $2,091.00 in liquidated damages); **$3,542.00** for Alvarenga (consisting of $1,771.00 in unpaid minimum and overtime wages + $1,771.00 in liquidated damages); and **$4,822.00** for Castillo (consisting of $2,411.00 in unpaid minimum and overtime wages + $2,411.00 in liquidated damages)

**Attorney's Fees and Costs**

The FLSA provides for the mandatory award of attorney's fees and costs of an action. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In support of their request for $2,175.00 in attorney's fees, plaintiffs submitted the declaration of Virginia Diamond (Docket no. 12-3) along with an accompanying attorney time-sheet and costs exhibit (Docket no. 12-5). These submissions reflect a total of $2,175.00 in attorney's fees and $519.00 in costs. The attorney's fees are comprised of 7.25 hours of attorney time at $300 per hour for Virginia Diamond. (Docket no. 12-5). The costs associated with this

18

matter include the civil filing fee ($400.00) as well as the costs associated with serving the complaint and other pleadings ($119.00).

Having reviewed these submissions, the undersigned finds that plaintiffs' request for $2,175.00 in attorney's fees is reasonable.[4] The undersigned also believes the costs associated with this matter are reasonable. Based on the foregoing, the undersigned recommends a finding that plaintiffs are entitled to recover **$2,694.00** (consisting of $2,175.00 in attorney's fees and $519.00 in costs).

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiffs Guillermo Alexander Ulloa, Carlos Palacios, Ruben Alexis Rivera, Enrique Alvarenga, and Hill Antonio Castillo (collectively the "plaintiffs") and against defendants Moses Housein and Moses Construction Company, LLC in the amount of **$2,694.00** for plaintiffs (attorney's fees + costs), **$5,462.00** for Ulloa (consisting of $2,731.00 in unpaid minimum and overtime wages + $2,731.00 in liquidated damages); **$4,822.00** for Palacios (consisting of $2,411.00 in unpaid minimum and overtime wages + $2,411.00 in liquidated damages); **$4,182.00** for Rivera (consisting of $2,091.00 in unpaid minimum and overtime wages + $2,091.00 in liquidated damages); **$3,542.00** for Alvarenga (consisting of $1,771.00 in unpaid minimum and overtime wages + $1,771.00 in liquidated damages); and **$4,822.00** for Castillo (consisting of $2,411.00 in unpaid minimum and overtime wages + $2,411.00 in liquidated damages)

---

[4] These submissions do not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–23 (4th Cir. 2008), *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990), and *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) for establishing a reasonable fee award. Under those cases, the relevant inquiry is whether the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community; here, Northern Virginia. *Plyler*, 902 F.2d at 278. However, since defendants have not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiffs concerning the reasonableness of these fees as true. The total amount of the fees requested is consistent with fees incurred in similar cases and awarded by this court.

## **Notice**

By means of the court's electronic filing system, and by mailing a copy of this proposed findings of fact and recommendations to defendants Moses Construction Company, LLC, c/o Registered Agent Moses Housein, 3101 S. Manchester Street, #707, Falls Church, Virginia 22044 and Moses Housein, 3101 S. Manchester Street, #707, Falls Church, Virginia 22044, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 15th day of January, 2016.

_____/s/_____
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia